# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>THE PEOPLE, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 19cv1920-LAB (AGS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a pre-trial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but has neither paid the $5.00 filing fee nor submitted a motion to proceed in forma pauperis.

## FILING FEE REQUIREMENT

Because this Court cannot proceed unless Petitioner either pays the filing fee or submits a motion to proceed in forma paupers, the Petition is dismissed without prejudice.

## BASIS FOR THE PETITION

In addition, Petitioner filed this action pursuant to 28 U.S.C. § 2254. However, he is a pretrial detainee who indicates he is not challenging a state court conviction in this action. (See ECF No. 1 at 2.) Rather, he is challenging the conditions of his confinement, specifically, medical decisions regarding mental health treatment made during his current pre-trial custody. (See id. at 6-19.)

Petitioner's claims challenging the conditions of confinement are not cognizable on federal habeas corpus because they do not challenge the constitutional validity or duration of his confinement. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court held that habeas is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and where the relief he seeks is a determination he is entitled to release from that confinement. Id. at 488-500. Challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Id. at 499; see also Mayle v. Felix, 545 U.S. 644, 671 n.4 (2005) ("the single, defining feature setting habeas cases apart from other tort claims against the State is that they 'necessarily demonstrate[e] the invalidity of the conviction.'"), quoting Heck v. Humphrey, 512 U.S. 477, 480-85 (1994) (holding that claims which "do not call into question the lawfulness of the conviction or confinement," or challenge the fact or duration of custody, or "seek immediate or speedier release" from custody, are not cognizable under 28 U.S.C. § 2254.) Neither are his claims cognizable under 28 U.S.C. § 2241. See Wright v. Shartle, 699 Fed.Appx. 733, 733 (9th Cir. 2017) (holding that claims which "do not concern the manner, location, or conditions of [a] sentence's execution" are not cognizable under 28 U.S.C. § 2241).

Petitioner is advised that if he wishes to challenge the conditions of his confinement he must file a civil rights complaint pursuant to 42 U.S.C. § 1983, which will be filed as a separate civil action and given a separate civil case number.

## CONCLUSION AND ORDER

The Petition is **DISMISSED** because Petitioner has not satisfied the filing fee requirement and has failed to state a cognizable habeas claim. The dismissal is without leave to amend in this case, but without prejudice to Petitioner to challenge the conditions of his confinement in a separate civil rights complaint filed pursuant to 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

Dated: October 11, 2019

*Larry A. Burns*
Chief Judge Larry A. Burns
United States District Court

2

19cv1920-LAB (AGS)